UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>$314,635.90 IN UNITED STATES CURRENCY SEIZED FROM WEBSTER BANK ACCOUNT NUMBER ****9615;<br><br>$52,713.52 IN UNITED STATES CURRENCY SEIZED FROM WELLS FARGO BANK CHECKING ACCOUNT NUMBER ******6573;<br><br>$10,817.48 IN UNITED STATES CURRENCY SEIZED FROM WEBSTER BANK CHECKING ACCOUNT NUMBER ******2261;<br><br>$5,000 IN UNITED STATES CURRENCY SEIZED FROM TD AMERITRADE INVESTMENT ACCOUNT NUMBER ***-**2545;<br><br>$30,315.51 IN UNITED STATES CURRENCY SEIZED FROM TD AMERITRADE INVESTMENT ACCOUNT NUMBER ***-**1882;<br><br>$2,666.15 IN UNITED STATES CURRENCY SEIZED FROM WEBSTER BANK CHECKING ACCOUNT NUMBER ******1387;<br><br>$81,226.69 IN UNITED STATES CURRENCY SEIZED FROM WEBSTER BANK CHECKING ACCOUNT NUMBER ******8356;<br><br>$99,830.96 IN UNITED STATES CURRENCY SEIZED FROM WEBSTER BANK CHECKING ACCOUNT NUMBER ******2361;<br><br>$1,459.21 IN UNITED STATES CURRENCY SEIZED FROM LITCHFIELD BANKCORP ACCOUNT NUMBER ******1734; | **FILED UNDER SEAL**<br><br>Civil Action No. |

3

Case 3:12-cv-30167-RWZ   Document 3-3   Filed 10/01/12   Page 2 of 9

$11,756.99 IN UNITED STATES CURRENCY SEIZED FROM )
LITCHFIELD BANKCORP ACCOUNT NUMBER )
******1726; )
)
$48,445.16 HELD IN LIEU OF ONE 2012 BENTLEY, )
BEARING VEHICLE IDENTIFICATION NUMBER )
SCBGR3ZA0CC077510; )
)
ONE 2005 LEXUS LX 470 SPORT UTILITY VEHICLE, )
BEARING VEHICLE IDENTIFICATION NUMBER )
JTJHT00W454002278; )
)
ONE 2005 TOYOTA 4RUNNER SPORT EDITION, BEARING )
VEHICLE IDENTIFICATION NUMBER JTEBU14R150063476; )
)
$47,300 HELD IN LIEU OF ONE 2012 AUDI Q7 TDI, )
BEARING VEHICLE IDENTIFICATION NUMBER )
WA1LMAFE6CD002790; )
)
$32,000 HELD IN LIEU OF ONE 2012 BMW, )
BEARING VEHICLE IDENTIFICATION NUMBER )
5UXWX7C5XCL889347; )
)
$26,733.81 HELD IN LIEU OF ONE 2011 ROLLS-ROYCE )
GHOST, BEARING VEHICLE IDENTIFICATION NUMBER )
SCA664S54BUX50206; )
)
$11,441 IN UNITED STATES CURRENCY SEIZED FROM )
1111 SOUTH WASHINGTON AVENUE, )
SCRANTON, PENNSYLVANIA; )
)
$3,390 IN UNITED STATES CURRENCY SEIZED FROM )
337 EAST COLUMBUS AVENUE, )
SPRINGFIELD, MASSACHUSETTS; )
)
$42,694 IN UNITED STATES CURRENCY SEIZED FROM )
1077 WASHINGTON STREET, )
ATTLEBORO, MASSACHUSETTS; )
)
$130,174 IN UNITED STATES CURRENCY SEIZED FROM )
1623-25 BERLIN TURNPIKE, BERLIN, CONNECTICUT; )
)
$44,691 IN UNITED STATES CURRENCY SEIZED FROM )
2666 STATE STREET, HAMDEN, CONNECTICUT; )

$1,620 IN UNITED STATES CURRENCY SEIZED FROM )
39B MILL PLAIN ROAD, DANBURY, CONNECTICUT; )
)
$7,294.25 IN UNITED STATES CURRENCY SEIZED FROM )
██████████████████████████████████████; )
)
$16,688 IN UNITED STATES CURRENCY SEIZED FROM )
ATTLEBORO, MASSACHUSETTS; )
)
$26,893 IN UNITED STATES CURRENCY SEIZED FROM )
WEST HARTFORD, CONNECTICUT; )
)
$2,919 IN UNITED STATES CURRENCY SEIZED FROM )
SEYMOUR, CONNECTICUT; )
)
$12,034 IN UNITED STATES CURRENCY SEIZED FROM )
WEST HAVEN, CONNECTICUT; )
)
$8,758 IN UNITED STATES CURRENCY SEIZED FROM )
MIDDLETOWN, CONNECTICUT; )
)
147 PALLETS OF SMOKELESS TOBACCO, CIGARS, AND )
OTHER NON-CIGARETTE TOBACCO; )
)
9 PALLETS OF SMOKELESS TOBACCO, CIGARS, AND )
OTHER NON-CIGARETTE TOBACCO; )
)
45 PALLETS OF SMOKELESS TOBACCO, CIGARS, AND )
OTHER NON-CIGARETTE TOBACCO; )
)
11 PALLETS OF SMOKELESS TOBACCO, CIGARS, AND )
OTHER NON-CIGARETTE TOBACCO; )
)
33 PALLETS OF SMOKELESS TOBACCO, CIGARS, AND )
OTHER NON-CIGARETTE TOBACCO; )
)
20 PALLETS OF SMOKELESS TOBACCO, CIGARS, AND )
OTHER NON-CIGARETTE TOBACCO; )
)
2 PALLETS OF SMOKELESS TOBACCO, CIGARS, AND )
OTHER NON-CIGARETTE TOBACCO; )
)
██████████████████████████████████████; )
)

███████████████████████████████ )
                                )
                                )
1304 SUMMIT POINTE, SCRANTON, PENNSYLVANIA; AND )
                                )
507 ROUTE 6A, UNIT 2B,          )
SANDWICH (EAST), MASSACHUSETTS  )
       Defendants.          )

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

    The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, in a civil action of forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), alleges that:

    1.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is appropriate pursuant to 28 U.S.C. § 1395.

    2.    The defendant properties consists of:

        a.    $314,635.90 in United States currency seized from Webster Bank account number ****9615, held in the name of Cigar & Supplies Inc.;

        b.    $52,713.52 in United States currency seized from Wells Fargo Bank checking account number ******6573, held in the name of Cigar & Supplies Inc.;

        c.    $10,817.48 in United States currency seized from Webster Bank checking account number ******2261, held in the name of Syed Bokhari and Tehmina Imran;

        d.    $5,000 in United States currency seized from TD Ameritrade investment account number ***-**2545, held in the name of Syed Bokhari and Tehmina Imran;

        e.    $30,315.51 in United States currency seized TD Ameritrade investment account number ***-**1882, held in the name of Jaspal Singh;

        f.    $2,666.15 in United States currency seized from Webster Bank checking account number ******1387, held in the name of Syed Sons II Inc. DBA ███████████;

4

g. $81,226.69 in United States currency seized from Webster Bank checking account number ******8356, held in the name of Syed Sons II Inc. DBA ███████;

h. $99,830.96 in United States currency seized from Webster Bank checking account number ******2361, held in the name of Global Innovative Hospitality Services LLP;

i. ███████

j. ███████

k. $48,445.16 held in lieu of one 2012 Bentley, bearing Vehicle Identification Number SCBGR3ZA0CC077510;

l. one 2005 Lexus LX 470 Sport Utility Vehicle, bearing Vehicle Identification Number JTJHT00W454002278;

m. one 2005 Toyota 4Runner Sport Edition, bearing Vehicle Identification Number JTEBU14R150063476;

n. $47,300 held in lieu of one 2012 Audi Q7 TDI, bearing Vehicle Identification Number WA1LMAFE6CD002790;

o. $32,000 held in lieu of one 2012 BMW, bearing Vehicle Identification Number 5UXWX7C5XCL889347;

p. $26,733.81 held in lieu of one 2011 Rolls-Royce Ghost, bearing Vehicle Identification Number SCA664S54BUX50206;

q. $11,441 in United States currency seized from 1111 South Washington Avenue, Scranton, Pennsylvania (the "Scranton Warehouse");

r. $3,390 in United States currency seized from 337 East Columbus Avenue, Springfield, Massachusetts (the "Springfield Warehouse");

s. $42,694 in United States currency seized from 1077 Washington Street, Attleboro, Massachusetts (the "Attleboro Warehouse");

t. $130,174 in United States currency seized from 1623-25 Berlin Turnpike, Berlin, Connecticut (the "Berlin Warehouse");

u. $44,691 in United States currency seized from 2666 State Street, Hamden, Connecticut (the "Hamden Warehouse");

v. $1,620 in United States currency seized from 39B Mill Plain Road, Danbury, Connecticut (the "Danbury Warehouse");

w. $7,294.25 in United States currency seized from ▮▮▮▮▮

x. $16,688 in United States currency seized from Attleboro, Massachusetts;

y. $26,893 in United States currency seized from West Hartford, Connecticut;

z. $2,919 in United States currency seized from Seymour, Connecticut (the "Seymour Residence");

aa. $12,034 in United States currency seized from West Haven, Connecticut;

bb. $8,758 in United States currency seized from Middletown, Connecticut;

cc. 147 pallets of smokeless tobacco, cigars, and other non-cigarette tobacco products seized from the Scranton Warehouse;

dd. 9 pallets of smokeless tobacco, cigars, and other non-cigarette tobacco products seized from the Attleboro Warehouse;

ee. 45 pallets of smokeless tobacco, cigars, and other non-cigarette tobacco products seized from the Berlin Warehouse;

ff. 11 pallets of smokeless tobacco, cigars, and other non-cigarette tobacco products seized from the Danbury Warehouse;

gg. 33 pallets of smokeless tobacco, cigars, and other non-cigarette tobacco products seized from the Hamden Warehouse;

hh. 20 pallets of smokeless tobacco, cigars, and other non-cigarette tobacco products seized from the Springfield Warehouse;

ii. 2 pallets of smokeless tobacco, cigars, and other non-cigarette tobacco products seized from the Seymour Residence;

jj. ▮▮▮▮▮,



kk. ▮

ll. ▮

mm. the real property located 1304 Summit Pointe, Scranton, Pennsylvania, including all buildings, appurtenances, and improvements thereon, as described in more detail and recorded in the Lackawanna County Registry of Deeds as Instrument #200910670; and

nn. the real property located 507 Route 6A, Unit 2B, Sandwich (East), Massachusetts, including all buildings, appurtenances, and improvements thereon, as described in more detail and recorded in the Barnstable County Registry of Deeds at Book 23245, Page 233

(collectively, the "Defendant Properties").

3. As detailed in the Affidavit of Marc Maurino, Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, attached hereto as Exhibit A and incorporated herein by reference, the United States has probable cause to believe that the Defendant Properties constitute or are derived from proceeds traceable to wire fraud in violation of 18 U.S.C. § 1343 and/or trafficking in contraband smokeless tobacco in violation of 18 U.S.C. § 2342 (the Contraband Cigarette Trafficking Act), or conspiracy to commit such violations, and therefore are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C). The government also has probable cause to believe that the Defendant Properties constitute properties involved in conspiracy to money launder in violation of 18 U.S.C. § 1956(h), or properties

traceable thereto, and therefore are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, the United States of America requests:

1. That a Warrant and Monition, in the form submitted herewith, be issued to the United States Marshal for the District of Massachusetts, or his designee, commanding him to give notice to all interested parties to appear and show cause why the forfeiture should not be decreed;

2. That judgment of forfeiture be decreed against the Defendant Properties;

3. That thereafter, the Defendant Properties be disposed of according to law; and

4. For costs and all other relief to which the United States may be entitled.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney,

By: /s/ Veronica M. Lei
VERONICA M. LEI
Assistant U.S. Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
veronica.lei@usdoj.gov

Date: October 1, 2012

8

## Verification

I, Marc Maurino, Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, state that I have read the foregoing Verified Complaint for Forfeiture *in Rem*, and the Affidavit, attached as Exhibit A, and that the contents thereof are true to the best of my knowledge, information, and belief.

*/s/ Marc Maurino*
MARC MAURINO
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Dated: October 1, 2012

## Jurat

Hampden, ss.                                                        Springfield, Massachusetts

On this 1st day of October, 2012, before me, Laureen M. Cote, the undersigned notary public, personally appeared Marc Maurino, proved to me through satisfactory evidence of identity, which was personally known to me, to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

*/s/ Laureen M. Cote*
LAUREEN M. COTE
Notary Public

My commission expires: 6/20/2014

LAUREEN M. COTE
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires June 20, 2014

9